[Civ. No. 5859. Third Appellate District.—June 9, 1938.]

F. E. JOHNSON, Appellant, v. S. J. FLANERY et al., Respondents.

Russell P. Tyler for Appellant.

Russell W. Cantrell and William E. Davies for Respondents.

PULLEN, P. J.—Plaintiff, as trustor, in a deed of trust executed in favor of defendants as trustees for Frank Casey, is endeavoring by this action to recover from respondents as such trustees $1974.16, together with interest. The facts in this case are substantially the same as are set forth in *Casey* v. *Nishihara et al.*, 213 Cal. 467 [2 Pac. (2d) 778], so we need not again repeat them except to say that the trust deed in question was executed by plaintiff and appellant F. E. Johnson upon a piece of real property in the county of Yuba, and was given to secure the repayment of $14,340.72. At the time of the execution of the deed of trust the sum actually owing was $12,366.56. There was then existing, however, and a charge against the real property, certain delinquent taxes in the sum of $1974.16. Upon the promise of Casey to discharge these tax delinquencies for Johnson this amount was added to the principal obligation. Casey failed to keep his promise to discharge these tax liens, and had not done so up to and at the date of sale of the property under the deed of trust. The property was sold by the trustees at public auction to the beneficiary, Casey, for $15,799.46, which amount included the $1974.16 for delinquent taxes. Subsequent to the purchase by Casey, he paid the sum of $1974.16, together with

all accruing costs, penalties and charges, and redeemed the real property from the delinquent taxes.

■ It is the contention of appellant that he, as trustor, has a right to recover from the trustees the difference between the amount that the beneficiary bid at the time of the sale and the amount actually owing under the promissory note for which the trust was executed as security.

One of the points urged by appellant is that Casey in bidding an amount greater than the actual amount due, thereby prevented others from bidding, but the trial court specifically found, and we have no evidence to the contrary before us, that there was no competitive bidding for the property at the sale.

■ It must be admitted that the bid of Casey was, to the extent of $1974.16, in excess of the amount actually due at the time of the sale, but inasmuch as it was specifically agreed between Casey and Johnson when the note was signed that Casey was to pay this item of delinquent taxes, the application by Casey of this amount was with the express permission of the trustor, and having thus discharged his obligation by the payment of the tax out of the surplus arising from the sale, the trustees cannot now be considered as holding this surplus for the use of trustor. There can be no doubt that if Casey had paid the tax prior to the sale it would have been a proper charge against the land, and because he paid it after the sale in accordance with the prior agreement as to payment, does not entitle the trustor to claim the amount.

On the appeal in *Casey* v. *Nishihara, supra,* the court held that the detriment suffered by Johnson, the trustor, was the interest charged against him on the sum of $1974.16, and Johnson was given credit for these interest payments. We cannot see how Johnson has been injured to any greater extent.

■ It is unquestioned that if a deed of trust requires the trustor to pay the taxes upon the security and he defaults therein, the beneficiary may himself pay the tax, add the amount thereof to the total indebtedness and require the property to be sold for the full amount of the indebtedness. (*Savings & L. Soc.* v. *Burnett,* 106 Cal. 514 [39 Pac. 922].)

The same condition prevailed in the instant case, and Casey, obligated to pay the tax, added it to the total indebtedness and bid the property in for the amount of the full indebtedness. As the trial judge said in his opinion:

"He owed the money to Casey in that, by permitting the taxes to accumulate in violation of the terms of the previous mortgage he had reduced Casey's security, and suit could have been brought against him by the state. (Pol. Code, sec. 3771.) Casey paid other delinquent taxes for the protection of Johnson as well as himself but did not have cash enough to cover this item at the time. He assumed the obligation, and in return Johnson was obligated to him. Johnson was not damaged, for the interest on the taxes was the same as on the note, aside from penalties with which he is not charged. As was held in *Casey* v. *Nishihara,* 213 Cal. 467 [2 Pac. (2d) 778], Casey was not entitled to interest on the excess portion of the note. That interest was not due until the taxes were paid. But we are now dealing with a different angle of the transaction. If some other person had bid $12,366.56 for the property, Johnson would have been in a position to claim that such bid, being subject to all of the taxes, would have been $1974.16 higher if Casey had paid these taxes and, on that theory, he might have sued Casey for that sum. In view of the fact that the delinquent taxes were Johnson's own obligation, he is not in a position to claim that the amount bid created a surplus which should be paid to Johnson."

The judgment is affirmed.

Thompson, J., and Plummer, J., concurred.